# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

KELVIN SCOTT,

        Plaintiff,

vs.

WATERLOO RESIDENTIAL
FACILITY, CHERYL MYERS, TERRY
MHOFF, ROGER OBERHAUSER,
MARY YOUNG, JEANIE STRAWN,
DANIEL JORDAN,

        Defendants.

No. C96-2066-LRR

ORDER

---

This matter is before the court on the plaintiff's motion to forfeit or waive the collection of the previously assessed filing fee (docket no. 13). The plaintiff submitted such motion on March 25, 2008.

In his motion, the plaintiff makes clear that he is dissatisfied with the manner in which the filing fees are being collected by the Black Hawk County Jail in Waterloo, Iowa. He refers to the fees related to eight cases: *Scott v. United States, et al*, No. 6:02-cv-02038-MWB (N.D. Iowa 2003) ($150.00); *Scott v. Vinton Police Department, et al.*, No. 1:02-cv-00091-MWB (N.D. Iowa 2002) ($150.00); *Scott v. Popenhagen, et al.*, No. 1:01-cv-00125-EJM (N.D. Iowa 2002) ($150.00); *Scott v. Nurse Pat, et al.*, No. 6:97-cv-02086-MJM (N.D. Iowa 1998) ($150.00); *Scott v. Duffy, et al.*, No. 1:97-cv-00141-EJM (N.D. Iowa 1997) ($150.00); *Scott v. Mallen, et al.*, No. 6:97-cv-02039-EJM (N.D. Iowa 1997) ($150.00); *Scott v. Myers, et al.*, No. 6:96-cv-02088-MWB (N.D. Iowa 1996) ($120.00); *Scott v. Waterloo Residential Facility, et al.*, No. 6:96-cv-02066-MJM (N.D. Iowa 1996) ($120.00). The plaintiff essentially believes that it is inappropriate for the

Black Hawk County Jail to take all of his money because 28 U.S.C. § 1915 does not permit such an act.

When assessing fees, the court relied on 28 U.S.C. § 1915. That statute clearly provides for the collection of filing fees. Subsection (b)(1) of 28 U.S.C. § 1915, in relevant part, provides:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

Subsection (b)(2) of 28 U.S.C. § 1915 provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Given the court's previous orders, there is no doubt that the Black Hawk County Jail is complying with 28 U.S.C. § 1915. When the plaintiff filed another action in *Scott v. Kubik, et al.*, No. 6:07-cv-02089-MWB (N.D. Iowa 2008), the court's financial office became aware that the Black Hawk County Jail had custody over plaintiff and appropriately forwarded the prior collection notices to the Black Hawk County Jail. As directed by the court, the Black Hawk County Jail began collecting 20 percent of the preceding month's income credited to the plaintiff's account for eight separate assessed fees. Eight times 20 percent equals 160 percent, which effectively "freezes" the plaintiff's account. Stated differently, the court's previous orders essentially require all payments credited to his account to be collected when the plaintiff's account exceeds $10.00. The

problems experienced by the plaintiff arise from the fact that he is litigious and the court ordered him to pay eight separate fees.

With respect to the plaintiff's request that the court contact the Black Hawk County Jail and explain how the fee is supposed to be collected, a representative of the court contacted the Black Hawk County Jail and the Black Hawk County Jail assured the court that, when the plaintiff's account exceeds $10.00, only 20 percent of the preceding month's income credited to the plaintiff's account is being withdrawn for purposes of the fee assessed in the instant action. Finally, the court declines to send the plaintiff a 42 U.S.C. § 1983 packet because he is unable to sue the Black Hawk County Jail when it is correctly collecting the previously assessed filing fee.

Based on the foregoing, the plaintiff's motion to forfeit or waive the collection of the previously assessed filing fee (docket no. 13) is denied.

**IT IS SO ORDERED**.

**DATED** this 1st day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA